**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **FENNER INVESTMENTS, LTD.**<br><br>        **Plaintiff,**<br><br>  v.<br><br>**MICROSOFT CORP.,<br>NINTENDO CO., LTD.** and<br>**NINTENDO OF AMERICA, INC.**<br><br>        **Defendants.** | Case No. 6:07-CV-08 [LED] |

**MICROSOFT'S ANSWER TO THE FIRST
<u>AMENDED COMPLAINT AND COUNTERCLAIMS</u>**

**ANSWER**

Defendant Microsoft Corporation ("Microsoft") answers Plaintiff Fenner Investments, Ltd.'s ("Fenner") First Amended Complaint For Patent Infringement as follows. Microsoft denies all allegations not expressly admitted below.

**The Parties**

1. Microsoft is without sufficient information as to form a belief regarding the allegations in paragraph 1 and, therefore, denies each and every one of the allegations.

2. Microsoft admits that it is a corporation duly organized and existing under the laws of the State of Washington, and that it has a principal place of business at One Microsoft Way, Redmond, WA 98052-6399. Microsoft admits that it has an agent for service of process at: c/o Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, TX 78701.

3. Microsoft is without sufficient information as to form a belief regarding the allegations in paragraph 3 and, therefore, denies each and every one of the allegations.

4. Microsoft is without sufficient information as to form a belief regarding the allegations in paragraph 4 and, therefore, denies each and every one of the allegations.

## Jurisdiction

5. Microsoft admits that the First Amended Complaint purports to state a claim for patent infringement, and that this Court has subject matter jurisdiction over the action. Microsoft does not contest that, in this case, it is subject to personal jurisdiction in Texas. Microsoft denies that it has committed acts that constitute infringement of U.S. Patent No. 6,297,751 (the "'751 patent") in Texas, in this district, or elsewhere in the United States. Microsoft does not have sufficient knowledge to admit or deny the allegations of paragraph 5 insofar as they relate to the activities of the other defendants and, therefore, denies these allegations. Microsoft denies all remaining allegations of this paragraph.

## Venue

6. Microsoft admits that venue is proper under 28 U.S.C. ¶¶ 1391(b), 1391(c), and 1400(b). Microsoft admits that it does business in this district, including offering for sale, making sales and providing services and support to its customers in this district. Microsoft denies that it has committed acts in this district, or elsewhere, that constitute infringement of the '751 patent. Microsoft does not have sufficient information to admit or deny the allegations of paragraph 6 insofar as they relate to the activities of the other defendants and, therefore, denies these allegations. Microsoft denies all remaining allegations of this paragraph.

## Infringement Of U.S. Patent No. 6,297,751

Microsoft denies all allegations embodied in the heading to the extent that they relate to activities of Microsoft and states that it is without sufficient information or belief to admit or

deny these allegations insofar as they relate to the activities of the other defendants and, therefore, denies them.

7. Microsoft denies that the '751 patent was duly and legally issued on October 2, 2001. Microsoft is without sufficient information as to form a belief regarding the remaining allegations in paragraph 7 and, therefore, denies all remaining allegations in this paragraph.

8. Microsoft denies all of the allegations of paragraph 8 to the extent they pertain to Microsoft. Microsoft does not have sufficient information to admit or deny the allegations of paragraph 8 insofar as they relate to the activities of the other defendants and, therefore, denies these allegations.

9. Microsoft denies all of the allegations of paragraph 9 to the extent they pertain to Microsoft. Microsoft does not have sufficient information to admit or deny the allegations of paragraph 9 insofar as they relate to the activities of the other defendants and, therefore, denies these allegations.

10. Microsoft denies all of the allegations of paragraph 10 to the extent they pertain to Microsoft. Microsoft does not have sufficient information to admit or deny the allegations of paragraph 10 insofar as they relate to the activities of the other defendants and, therefore, denies these allegations.

**Response To Prayer For Relief**

Microsoft denies that Fenner is entitled to any relief whatsoever from Microsoft, either as prayed or otherwise.

**ADDITIONAL DEFENSES**

Microsoft asserts the following additional defenses and reserves the right to amend its answer as additional information becomes available.

### First Additional Defense (Non-Infringement)

1. Microsoft has not and does not infringe (either literally or under the doctrine of equivalents), actively induce infringement, or contributorily infringe any valid and enforceable claim of the '751 patent.

### Second Additional Defense (Invalidity)

2. The '751 patent is invalid or void for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and/or 112.

### Third Additional Defense (Estoppel)

3. Fenner's claims against Microsoft are barred by reason of estoppel.

4. Fenner is estopped from construing any valid claim of the '751 patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any method or product manufactured, used, imported, sold, or offered for sale by Microsoft in view of the prior art and/or because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '751 patent, because of disclosure or language in the specification of the '751 patent, and/or because of limitations in the claims of the '751 patent.

### Fourth Additional Defense (Laches)

5. The relief Fenner seeks is barred by laches.

6. Fenner is barred from recovering damages for alleged infringement of the '751 patent under the doctrine of laches.

### Fifth Additional Defense (No Injunctive Relief)

7. Fenner is not entitled to injunctive relief because any injury to Fenner is not immediate or irreparable, and Fenner has an adequate remedy at law.

### Sixth Additional Defense (Exceptional Case)

8. This case is exceptional against Fenner under 35 U.S.C. § 285.

### MICROSOFT'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, for its Counterclaims against Fenner, Microsoft alleges as follows:

### The Parties

1. Microsoft is a corporation duly organized and existing under the laws of the State of Washington, having its principle place of business at One Microsoft Way, Redmond, WA 98052-6399.

2. Upon information and belief, Fenner is a limited partnership existing under the laws of the State of Texas, having its principle place of business in Richardson, Texas.

### Background

3. United States Patent No. 6,297,751 (the "'751 patent") was issued by the United States Patent and Trademark Office on October 2, 2001. Fenner claims to own all rights and interests in the '751 patent.

4. Fenner has alleged that acts by Microsoft infringe the '751 patent.

5. An actual controversy exists between Microsoft and Fenner regarding the validity and infringement of the '751 patent.

## Jurisdiction

6.  This Court has subject matter jurisdiction over the following counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

## Venue

7.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(c) and 1400(b).

## First Counterclaim (Declaratory Judgment of Non-Infringement)

8.  Microsoft incorporates by reference Paragraphs 1-7 above.

9.  Microsoft has not infringed, induced infringement, or contributed to the infringement of the '751 patent.

## Second Counterclaim (Declaratory Judgment of Invalidity)

10.  Microsoft incorporates by reference Paragraphs 1-7 above.

11.  The '751 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## Jury Demand

12.  Microsoft demands a trial by jury on all issues so triable.

## MICROSOFT'S PRAYER FOR RELIEF

WHEREFORE Microsoft prays that:

(1)  this Court dismiss the First Amended Complaint against Microsoft with prejudice;

(2)  this Court declare that Microsoft has not infringed, induced infringement, or contributed to the infringement of U.S. Patent No. 6,297,751;

(3)  this Court declare that U.S. Patent No. 6,297,751 is invalid;

(4)     this Court award Microsoft its costs, including reasonable attorneys fees and all of its expenses for defending this suit because this is an exceptional case under 35 U.S.C. § 285; and

(5)     this Court award Microsoft such other relief as this Court may deem just and proper.

Dated: March 15, 2007                           Respectfully submitted,

FISH & RICHARDSON P.C.

By:   /s/ Jennifer K. Towle
     Ruffin B. Cordell—Lead Attorney
     Texas Bar No. 04820550
       cordell@fr.com
     Lauren A. Degnan (*pro hac vice*)
       degnan@fr.com
     Jennifer K. Towle
     Texas Bar No. 24033399
       towle@fr.com
     Melody A. Habecker (*pro hac vice*)
       habecker@fr.com
     FISH & RICHARDSON P.C.
     1425 K Street, 11th Floor
     Washington, D.C.  20005
     Telephone: (202) 783-5070
     Facsimile:   (202) 783-2331

     Jennifer Parker Ainsworth
       JAinsworth@WilsonLawfirm.com
     WILSON, SHEEHY, KNOWLES,
     ROBERTSON & CORNELIUS
     One American Center
     909 ESE Loop 323, Suite 400
     Tyler, TX 75701
     Telephone: (903) 509-5000
     Facsimile: (903) 509-5092
Counsel for Defendant MICROSOFT CORP.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 15, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                                 **/s/ Jennifer K. Towle**